# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                            Case No.  1:14-CR-0291-02-SCJ

**ANTHONY LICATA**                                  Defendant's Attorneys:
                                                    William Morrison
                                                    Alan Ellis
                                                    Fred Haddad

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

**The defendant pleaded guilty to Counts 1, 2 and 22 of the Indictment.**

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 21 U.S.C. §§841(a)(1), (b)(1)(C) and (b)(2) | Conspiracy to Distribute Controlled Substances | 1 |
| 21 U.S.C. §856(a)(1) and 18 U.S.C. §2 | Maintaining a Drug-Involved Premises | 2 |
| 18 U.S.C. §1956(h) | Conspiracy to Commit Money Laundering | 22 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$300.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        XXX-XX-7222        Date of Imposition of Sentence: January 25, 2016
Defendant's Date of Birth:       1985
Defendant's Mailing Address:
Plantation, Florida

Signed this the 25th day of January, 2016.

                                                    s/Steve C. Jones
                                                    STEVE C. JONES
                                                    UNITED STATES DISTRICT JUDGE

1:14-CR-0291-02-SCJ: ANTHONY LICATA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED THIRTY-TWO (132) MONTHS** as to each of Counts 1, 2, and 22 with terms to be served **concurrently**.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

The Court recommends that the defendant be designated to FPC Miami, FPC Pensacola, or FPC Montgomery for service of sentence.

The Court further recommends that the defendant participate in a drug treatment program while incarcerated.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:14-CR-0291-02-SCJ: ANTHONY LICATA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS** as to each of Counts 1, 2 and 22, with terms to run **concurrently**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

The defendant shall participate in a drug/alcohol treatment program under the guidance and supervision of the United States Probation Officer and if able, contribute to the cost of services for such treatment.

Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d) which require mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

Any portion of the fine not paid in full at time of the defendant's release from imprisonment shall become a condition of supervision and be paid at a monthly rate of not less than $150.00, plus 25% of gross income exceeding $2,300.00 per month.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment schedule.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of his person, property (real, personal or rental), residence, office and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

1:14-CR-0291-02-SCJ: ANTHONY LICATA

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:14-CR-0291-02-SCJ: ANTHONY LICATA

## FINE

The defendant shall pay a fine in the amount of **$25,000.00**.

The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution not paid in full at time of the defendant's release from imprisonment shall become a condition of supervision and be paid at a monthly rate of not less than $150.00, plus 25% of gross income exceeding $2,300.00 per month. Payments shall commence thirty days after defendant's release from imprisonment.